1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   KIRSTIN M. AULT (CABN 206052)
    Assistant United States Attorney
5
        450 Golden Gate Ave., Box 36055
6       San Francisco, California 94102
        Telephone: (415) 436-6940
7       Facsimile: (415) 436- 7234
        E-mail: kirstin.ault@usdoj.gov
8
    Attorneys for United States of America
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  UNITED STATES OF AMERICA,        )    No.    CR 10-0642 CRB
                                      )
14          Plaintiff,                )    UNITED STATES' OPPOSITION TO
                                      )    DEFENDANT ARNOLD'S MOTION FOR
15  v.                                )    SEVERANCE
                                      )
16  CHRISTOPHER NAPOLI, et al.        )
                                      )
17          Defendants.               )
                                      )
    _____  )
18

19                        **INTRODUCTION**

20          The defendant's motion for severance should be denied without prejudice to renewing it

21  at a later date because the defendant has not demonstrated that he will be denied a substantial

22  right if he is tried jointly with his co-defendants.  The defendant's sole ground for seeking a

23  continuance is that he will be denied his right to a speedy trial if he must wait for his co-

24  defendants to be prepared for trial in this matter.  However, the defendant's motion is entirely

25  speculative, as, to date, the defendant has encountered no delay caused by joinder of his case with

26  that of his co-defendants.  The defendant's speculation that his co-defendants will seek to delay

27  the progress of the case because they are presently out of custody does not demonstrate that he

28
    OPPOSITION TO MOT. FOR SEVERANCE
    CR 10-0642 CRB

will be denied a substantial right.  Only if the delay were "unreasonable" would the defendant

have any right to complain.  Moreover, the defendant has not identified any prejudice that he

would suffer by any delay in the proceedings that may be caused by his co-defendants.  The

defendant has identified no category of pre-trial proceedings in which his co-defendants will be

engaged that differ from those in which he will also participate.   Therefore, the Court should

deny the defendant's motion for severance without prejudice to his renewal of that motion in the

event that his co-defendants request "unreasonable" continuances of the trial date in this matter.

## BACKGROUND

**A.     The Defendant's Detention Following His Waiver of the Detention Hearing.**

On August 31, 2010, a thirteen-count indictment was returned by a grand jury sitting in

the Northern District of California charging the defendant and ten others with crimes related to

the illegal distribution of controlled substances through Internet pharmacies.  *See* Court Record

("CR") # 1.  The United States moved for the defendant's detention pending trial based on the

serious risk of flight posed by the substantial assets that the defendant maintained in numerous

foreign countries.  CR # 17.  The defendant opposed the Untied States' detention motion and

proposed conditions that he asserted would assure his appearance at trial and sentencing.  CR

# 18.  Pursuant to a summons, the defendant made his initial appearance in this district on

September 22, 2010.  CR # 24.  Due to the unavailability of defense counsel, a detention hearing

was set for the following day, September 23, 2010.  *Id.*  Upon agreement of the parties, the

defendant was released on bond pending the detention hearing.  CR # 29.  On September 23, the

defendant waived the detention hearing and formal findings without prejudice, and the magistrate

judge remanded the defendant to custody.  CR #38.

**B.     Speedy Trial Act Exclusions and Motions.**

At the initial appearance before the magistrate judge on September 22, 2010, all

defendants were scheduled to make their initial appearance before the district court on November

2, 2010.  CR # 89.   The magistrate judge excluded time under the Speedy Trial Act, 18 U.S.C.

§ 3161, until the November 2, 2010, appearance, due to the complexity of the case and for

effective preparation of defense counsel. *Id*. Defendant Arnold requested that his initial appearance before the district court occur in advance of the November 2 date agreed to by the remaining defendants. CR # 88. The magistrate judge granted this request and set defendant Arnold's initial appearance for October 5, 2010. CR # 88. With the defendant's agreement, the magistrate judge excluded time under the Speedy Trial Act for effective preparation of defense counsel. *Id*.

On October 6, 2010, the defendant made his initial appearance in district court. CR # 73. At that appearance, the matter was continued to November 3, 2010, for a status conference, and time was excluded under the Speedy Trial Act for effective preparation of counsel. *Id*.

On October 27, 2010, the defendant filed a motion to dismiss the indictment, with a hearing date set for November 10, 2010. CR # 102. Defendant Creque joined in the defendant's motion. CR   The United States filed its opposition to this motion on November 3, 2010. CR # 111. At the November 3, 2010, hearing, the Court ordered that all counsel who wished to file motions to dismiss must do so by November 17, 2010, and continued the hearing date on the motions to November 30, 2010. CR # 114. The Court further ordered that counsel meet and confer regarding a briefing schedule for further pre-trial motions. *Id*. Time was automatically excluded under the Speedy Trial Act due to the pendency of the defendant's motion to dismiss.

At the November 30 hearing, the Court continued the matter until December 15, 2010, unless counsel stipulated to a motions schedule before that time. CR # 141. Time was excluded under the Speedy Trial Act due to the pendency of the motion to dismiss, which the Court had taken under advisement.

On December 14, 2010, the Court vacated the December 15, 2010, hearing date following submission of a stipulated briefing schedule by all counsel. CR # 147. Time was automatically excluded due to the pendency of a motion to transfer venue that had been filed by defendant Napoli on November 16, 2010. CR # 119.

///

///

**DISCUSSION**

A.    **The Defendant Has Not Demonstrated that He Will Be Denied a Substantial Right if He Is Not Tried Separately From His Co-Defendants.**

Because the defendants were properly joined in a single indictment and the defendant has not demonstrated that he will be deprived of a substantial right if he is tried with his co-defendants, the defendant's motion for severance should be denied.

1.    The Defendants Are Properly Joined Under Rule 8.

Under Federal Rule of Criminal Procedure 8 (hereinafter "Rule 8"), defendants are properly joined in an indictment where they "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b).  In this case, the eleven defendants are charged in thirteen counts related to their participation in schemes to illegally distribute drugs through Internet pharmacies.  The indictment charges three separate conspiracies, each related to the operation of a particular Internet pharmacy, as well as several substantive counts related to particular transactions that were conducted through each Internet pharmacy.

Although the three conspiracies are separate, they are properly charged in a single indictment because they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a).  The conspiracies are "of the same or similar character" because they all relate to the illegal distribution of drugs by Internet pharmacies that operated during approximately the same time period using a similar distribution plan and methodology.  The conspiracies also constitute part of a "common scheme or plan" because they relate to the same overall drug distribution network.  While the Internet pharmacies related to the separate conspiracies were distinct from, and in competition with, each other, they relied on the same brick-and-mortar pharmacies to supply their drugs.  Thus, even though the agreements with the drug suppliers (the brick-and-mortar pharmacies) were separate, the Internet pharmacies were part of a common overall scheme to distribute drugs illegally using the Internet. *See United*

*States v. Kennedy*, 564 F.2d 1329, 1333-34 (9th Cir. 1977) ("[S]o long as all defendants participate in a series of acts constituting an offense or offenses, the offenses and the defendants may be joined even though not all defendants participated in every act constituting each joined offense.").  As a result, two of the conspirators - Jeffrey Herholz and Darrel Creque - are charged in counts relating to two of the different Internet pharmacies.  This is because Herholz and Creque operated Kwic Fill, a brick-and-mortar pharmacy that supplied drugs to both the Safescripts Online and Pitcairn Internet pharmacies.[1]  Similarly, Salvatore Lamorte, who was paid to find suppliers for Internet pharmacies, is charged in two of the conspiracies because he managed the relationship between each of the different Internet pharmacies and the brick-and-mortar pharmacies that supplied drugs to the Internet pharmacies' customers.  Steve Paul and Jeffrey Entel are likewise charged in two out of the three different conspiracies.  The presence of these defendants in multiple counts of the indictment demonstrates the rationale behind the joinder rules - if these defendants had not been charged in a single indictment, they would now be facing separate prosecutions, proceeding along separate tracks, and potentially facing separate trials, all arising out of their conduct in a single series of events.  *See United States v. Brashier*, 548 F.2d 1315, 1324 (9th Cir. 1976) ( "Rule 8, F.R.Cr.P., embodies a substantial public interest in joint trials of criminal defendants charged with the same offense or as accessories to the same crime.").  Thus, the different Internet pharmacy conspiracies are properly charged in a single indictment because they relate to a common scheme or plan to illegally distribute controlled substances from brick-and-mortar pharmacies to Internet pharmacy customers.

2.    Severance Is Not Warranted Under Rule 14 Because the Defendant's Substantial Rights Will Not Be Affected if He is Tried With His Co-Defendants.

The defendant's contention that his right to a speedy trial will be violated if his trial is not severed from that of his co-defendants is premature and should be denied without prejudice to his

---

[1]  It appears that Kwic Fill may have supplied drugs for the Pharmizon Internet pharmacy as well.  The United States may add Herholz and Creque to the counts related to this third conspiracy as well.

renewal of that motion at a later date.  Under Federal Rule of Criminal Procedure 14 ("Rule 14"), a defendant may obtain a separate trial from his co-defendants if a joint trial "appears to prejudice" the defendant.  Fed.R.Crim.P. 14(a).  However, the federal system maintains a strong preference for joint trials where defendants have been properly joined in a single indictment.  *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *see also Brashier*, 548 F.2d at 1324 ("Joint trials are the rule rather than the exception.").  This preference for joint trials is intended to preserve judicial and government resources, prevent the undue taxing of witnesses, and dispel the risk of inconsistent verdicts.  *Zafiro*, 506 U.S. at 537.  Therefore, a district court should sever defendants for trial only where the defendant demonstrates that a joint trial will violate a "specific trial right" or "prevent the jury from making a reliable judgment about guilt or innocence."  *Id.* at 539.  In the Ninth Circuit, "[t]he test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever."  *Brashier*, 548 F.2d at 1323; *see also United States v. Silla*, 55 F.2d 703, 707 (9th Cir. 1977) ("The general rule is that persons jointly indicted should be jointly tried absent compelling circumstances.").  The defendant bears the burden of showing that a joint trial will be "manifestly prejudicial."  *Brashier*, 548 F.2d at 1324.

The defendant contends that he will be denied his right to a speedy trial unless his trial is severed from that of his co-defendants.  The defendant bases this assertion on the fact that he is incarcerated, while his co-defendants have been released on bond.  The defendant speculates that the fact that his co-defendants are not incarcerated will cause them to unduly delay the progress of this case to trial.  This bare speculation alone is insufficient to support a finding that the defendant will be denied the right to a speedy trial unless his trial is severed from that of his co-defendants.  *See United States v. Savarese*, 2002 WL 265153 at *5 (S.D.N.Y. 2002) (delay of two to four months in trial date due to joinder with defendants not unreasonable where defendant failed to demonstrate any prejudice beyond the fact of the delay itself).  In fact, the progress of the case to date belies this assumption.  The defendant has cited to no instance in which the speed of litigation in this case has been impeded by the participation of his co-defendants in pre-trial

proceedings.  Where counsel have met and conferred regarding briefing schedules, the parties have been able to reach agreement on the timing of the filing of motions, oppositions and hearings.  The defendant's co-defendants also have an interest in speedy resolution of this matter, and it is premature to speculate that they will unduly delay these proceedings.  *See Barker v. Wingo* , 407 U.S. 514, 533 (1972) ("[E]ven if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.").

It is common in multi-defendant cases for some defendants to be in custody and others to be released on bond pending trial.  In such cases, it may well be the case that the proceedings progress at a pace that is too quick for some defendants and too slow for others.  However, as long as any delays are not "unreasonable," the defendant's right to a speedy trial is not violated. *See Barker*, 407 U.S. at 521(noting that "deprivation of the right to speedy trial does not per se prejudice the accused's ability to defend himself"); *United States v. Gutierrez*, 2007 WL 4302812 at *7 (E.D.Pa. 2007) (noting that defendant benefitted from delay in trial caused by the filing and resolution of pre-trial motions).  The defendant's speculation that his co-defendants will engage in a plethora of motions and requests for delays that will impede his desire for a speedy trial in this matter does not support a finding at this time that he will be deprived of his right to a speedy trial.  *See United States v. Kaplan*, 2009 WL 723831 at *5 (W.D.Mo. 2009) (incarcerated defendant's motion for severance on the ground that his un-incarcerated co-defendants would delay the trial with lengthy requests for continuances denied without prejudice to renewal on the ground that speculated delays in the trial had not yet occurred).  The defendant has not demonstrated that his co-defendants will file motions that are different in kind or complexity than any motions that he himself will seek to file.  In fact, the pre-trial motions practice to date has been driven by defendant.  As the Supreme Court has recognized, district courts possess an arsenal of means by which they may address a defendant's joinder concerns while preserving the federal system's strong preference for joint trials.  *See Zafiro*, 506 U.S. at 539 (noting that "less drastic measures" will often suffice to address a defendant's concerns

regarding a joint trial).  One of those means is the Court's control over the pre-trial motions schedule:  the Court may set a schedule that accommodates the defendant's desire for a speedy trial, while at the same time preserving the right of his co-defendants to effective preparation of their trial counsel.  *See United States v. Salerno*, 108 F.3d 730, 737 (7th Cir. 1997) ("[T]he Speedy Trial Act cannot compel a district court to decide numerous pre-trial motions 'within a short, fixed period of time.'"), *quoting United States v. Tibboel*, 753 F.2d 608, 612 (7th Cir. 1985); *Gutierrez*, 2007 WL 4032812 at * 8 (Speedy Trial Act not violated where the court "work[ed] with counsel to manage the case in a manner that ensured that all parties had adequate time to review the evidence against hem and prepare their defenses").  Severance is the tool of last resort that should be used by the Court only where no other options are available to preserve the defendant's substantial rights.  In this case, the defendant has not demonstrated that other tools, such as the Court's management of the pre-trial motions schedule, cannot preserve his right to a speedy trial, while also accommodating the Court's, government's, and community's strong interest in joint and speedy trials.  *See Barker*, 407 U.S. at 519-20 (noting that society, the courts and the government also have a strong interest in speedy trials because "persons released on bond for lengthy periods awaiting trial have an opportunity to commit other crimes,"  "the longer an accused is free awaiting trial, the more tempting becomes his opportunity jump bail and escape," and "delay between arrest and punishment may have a detrimental effect on rehabilitation").

This case is fundamentally different from *United States v. Byrd*, 466 F.Supp.2d 550 (S.D.N.Y. 2006), cited by the defendant.  In that case, the defendant seeking the continuance was in a substantially different position from his co-defendants.  For example, the court found that *Byrd* was substantially less culpable than his co-defendants, a situation that does not apply here, where the defendant is alleged to have been the leader and organizer of the conspiracy with which he is charged.  *Id*. at 551.  Moreover, the delay that prompted the defendant's concern in *Byrd* was concrete and definite:  his co-defendants were involved in death penalty-related proceedings, while he was not.  *Id*. at 552-53 (noting that delay of up to a year was expected while co-defendants underwent proceedings related to possible imposition of the death penalty

that did not apply to defendant seeking severance).  In this case, the defendant's circumstances differ from that of his co-defendants only in that he is in custody, while they are released on bond.  This fact alone is insufficient to warrant a severance.  In addition, the complained delay is only speculative at this point in the proceedings.  In fact, rather than impeding the defendant's desire to move the case toward a speedy resolution, his co-defendants have accommodated that desire.  Instead of seeking to delay the filing of pre-trial motions, the co-defendants have worked with the defendant to join in and supplement the motions he has filed consistent with the schedule set by the defendant.  Because the defendant has not demonstrated that he will be denied the right to a speedy trial absent a separate trial from his co-defendants, the defendant's motion for severance should be denied.  *See Gutierrez*, 2007 WL 4302812 at *4 (pursuit of a vigorous defense "may result in permissible delays" in brining the defendant to trial).

This case also differs from *Byrd* in that there will be substantial duplication in the multiple trials that would result from granting the defendant's motion for severance.  *See Byrd*, 466 F.Supp.2d at 551 (defendant seeking severance not alleged to be involved in two murders that formed the basis for potential death penalty charges against co-defendants).  First, the defendant is charged with three co-defendants in the conspiracy alleged in Count Two.  Because the trial of this conspiracy charge will necessarily involve proving the method of operation of Pitcairn and its connection with Kwic Fill and the other pharmacies for which Salvatore Lamorte served as the intermediary, virtually identical evidence and witnesses will need to be presented at both trials if the defendant's trial is severed from that of his co-defendants.  Unlike the situation in *Byrd*, this is not a case where the defendant's trial involves only a small subset of the facts and evidence that would be presented in a joint trial of all of the defendants.  In this case, the trials of the defendant and of his co-conspirators will be virtually identical.  Second, because the three Internet pharmacies operated in a virtually identical fashion, the key question of whether their manner of operation violated the law will be present in all three trials.  Because the facts of the pharmacies' operation do not differ in any significant respect, the specter of inconsistent verdicts weighs heavily in this case.  Third, because the three Internet pharmacies obtained their drugs

1  from many of the same brick-and-mortar pharmacies, a substantial duplication of evidence and

2  witnesses will result if the defendant's trial is severed from that of his co-defendants.  Evidence

3  regarding the operation of each brick-and-mortar pharmacy, and how that operation violated the

4  law, will need to be presented at each trial.  *See Gutierrez*, 2007 WL 4302812 at *10

5  (distinguishing *Byrd* on the ground of substantial duplication of evidence).  Finally, the United

6  States anticipates that testimony from persons who were addicted to drugs sold by the

7  defendants, and from family members of persons who were addicts and who were injured or died

8  as a result of the defendants' drug dealing, will be presented at trial.  Forcing those persons to

9  undergo the ordeal of testifying at a public trial about events that are no doubt extremely painful

10  is precisely the type of duplication of testimony that the joinder rule seeks to avoid.  Absent

11  compelling reasons, which the defendant has not provided, the rule strongly favoring joint trials

12  for defendants who are properly joined in a single indictment should prevail, and the defendant's

13  motion for severance should be denied.

## CONCLUSION

15  For the reasons discussed above, the defendant's motion for severance should be denied

16  without prejudice to renewing that motion at a later date.  The defendant has not demonstrated

17  that his right to a speedy trial will be denied unless he is granted a separate trial from his co-

18  defendants.  Because the defendant has failed to make this showing, the strong preference joint

19  trials counsels against granting the defendant's motion.

21  DATED: January 12, 2011

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s

_____
KIRSTIN M. AULT
Assistant United States Attorney

OPPOSITION TO MOT. FOR SEVERANCE
CR 10-0642 CRB                    10